GEORGE F. SINE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sine v. Commissioner
Docket No. 20697-86.
United States Tax Court
T.C. Memo 1988-71; 1988 Tax Ct. Memo LEXIS 97; 55 T.C.M. (CCH) 189; T.C.M. (RIA) 88071; February 23, 1988. George F. Sine, pro se. Willie Fortenberry, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on respondent's motion for summary judgment. In a timely notice of deficiency dated March 19, 1986, respondent determined deficiencies in petitioner George F. Sine's Federal income tax and additions to tax for the years and in the amounts set forth below: Additions to Tax, I.R.C. Sec. [1]
Year
Deficiency
6653(b)
6653(b)(1)
6653(b)(2)
1981
$ 35,756
$ 17,878
-
-
1982
55,996
-
$ 27,998
50% of the
interest due
on $ 55,996
1983
39,751
-
19,875
50% of the
interest due
on $ 39,751
*98 [1]
Petitioner timely filed a petition with this Court on June 16, 1986, and filed an amended petition on July 18, 1986. Petitioner was incarcerated at the medical center for Federal prisoners in Springfield, Missouri, at the time the petition was filed and currently is incarcerated at the Federal penitentiary in Leavenworth, Kansas, due, among other things, to his conviction for attempting to evade his Federal income tax under section 7201 with respect to 1982. Respondent timely filed his answer on August 26, 1986. In that answer, respondent made affirmative allegations of fact concerning petitioner's illegal business income, the tax deficiencies resulting from the illegal business activities, and the additions to tax for fraud under sections 6653(b), 6653(b)(1), and 6653(b)(2). Petitioner failed to reply to respondent's answer as required by Rule 37(a). On October 27, 1986, respondent filed a motion for entry of an order that the undenied allegations in his answer be deemed admitted *99 pursuant to Rule 37(c). On October 29, 1986, the Court served petitioner with notice of respondent's motion and informed petitioner that if he filed a reply to respondent's answer, as required by Rule 37(a) and (b), before November 18, 1986, respondent's motion would be denied. Petitioner did not respond to respondent's motion, nor did petitioner file a reply to respondent's answer. On December 1, 1986, the Court granted respondent's motion and deemed admitted for purposes of this case the undenied affirmative allegations of fact set forth in respondent's answer. Respondent's motion for summary judgment was filed on December 2, 1987. A decision on a motion for summary judgment may be rendered if the "pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The burden of proving that there is no genuine issue of material fact is one the moving party. ; . *100 The material factual allegations which have been deemed admitted with respect to the underpayments of tax in this case establish deficiencies in petitioner's Federal income tax in the amounts of $ 35,756 for 1981, $ 55,996 for 1982, and $ 39,751 for 1983. There is no genuine issue of fact in relation to the income tax deficiencies involved herein, and respondent's motion for summary judgment will be granted with respect to the tax deficiencies due from petitioner for 1981, 1982, and 1983. With regard to the additions to tax for fraud under sections 6653(b), 6653(b)(1), and 6653(b)(2), the burden is on respondent to prove fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); . Respondent's burden can be satisfied through undenied facts deemed admitted under Rule 37(c). ; . The following is a summary of the facts deemed admitted under Rule 37(c) that are particularly relevant to our holdings herein with respect to the additions to tax for fraud. During the years in issue, *101 petitioner organized and operated an illegal business activity for the purpose of manufacturing, distributing, and selling narcotics, principally phencyclidine. To maintain a cover for his drug-selling activities, petitioner purchased a corporation and used the corporation's bank account to launder drug proceeds. Petitioner did not maintain adequate books and records of his income-producing activities for the years in issue, and he did not produce any books and records to respondent during respondent's examination of petitioner's Federal income tax returns. For 1981 and 1983, petitioner failed to file Federal income tax returns. For 1982, petitioner filed a joint Federal income tax return with his then-wife and reported income thereon in the amount of $ 22,807.94. Also for 1982, petitioner filed a Federal corporate income tax return for his corporation. As evidence by the filing of those returns, petitioner was aware of his duty to file Federal income tax returns. Petitioner used cash extensively in his drug-selling activities. Petitioner often deposited money into bank accounts in the name of his then-wife and into bank accounts in the name of his girlfriend. Petitioner *102 also deposited substantial proceeds of drug sales into various investment accounts and made numerous purchases of real estate. Petitioner often used his father or other individuals as nominees in purchasing assets and making expenditures. Petitioner's correct taxable income for 1981 was $ 89,420.98. With respect to 1982, petitioner understated his correct taxable income by $ 121,472.91 as compared to the $ 22,807.94 reported on his 1982 return. For 1983, petitioner's correct taxable income was $ 100,555.18. As explained, for 1982 petitioner was convicted of attempting to evade income tax under section 7201. The above facts establish petitioner's willful intent to evade the payment of Federal income tax for 1981, 1982, and 1983. ; . See also . The failure to file returns for 1981 and 1983, the underreporting for 1982, his conviction for tax fraud for 1982, combined with petitioner's failure to keep adequate books and records establish petitioner's liability for the fraud additions *103 to tax. Respondent's motion for summary judgment as to the additions to tax under sections 6653(b), 6653(b)(1) and 6653(b)(2) also will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩